THE STATE, EX REL. BLOOM, v. CINCINNATI BOARD
OF EDUCATION.

*Offic̓e and officers—Civil service—School janitor-engineer employed under contract—Not within provisions of Section 4485, General Code—Removals in classified service—Mandamus does not lie to require presentation of charges, when.*

1. A person who by contract with a board of education of a city district, agrees for the sum of $6,999 to perform the duties of janitor-engineer of a school building, employ his help and furnish certain materials, netting him the sum of $100 per month for his own services, is not an employe of the board within the meaning of Section 4485, General Code, providing for the removal of officers and employes in the classified service.

2. Mandamus does not lie upon application of a school janitor-engineer, failing to appear and answer, at the time fixed, charges preferred by a board of education, to again require the board to prefer charges against him and give him opportunity for hearing thereon.

(Decided May 22, 1913.)

ERROR: Court of Appeals for Hamilton county.

JONES, O. B., J.; SWING and JONES, E. H., JJ., concurring.

Relator was a janitor-engineer of Woodward High School and as such received from the board of education of Cincinnati the sum of $6,999 per year, out of which sum he was required to pay for his help and to furnish certain material, netting said relator an average of $100 per month.

By a letter from the chief engineer, June 17, 1911, he was notified that his services would not be required by the board of education after June 24, 1911. He demanded to know the charges against him and that he be given a hearing. On July 3,

1911, the board of education passed the following resolution:

"*Be it resolved,* That there exists a cause relating to the suitableness and capacity of John L. Bloom to perform his duties as engineer-janitor of Woodward high school which is sufficient to justify his removal in this, to-wit, that the said John L. Bloom has violated the rules governing the janitor service of the Cincinnati public schools in that—

"First. He has been insolent to teachers, the principal and to his superiors, and

"Second. He has used intoxicating liquor while on duty, and

"Third. He has been inefficient in his care of the said building.

"*Be it further resolved,* That the clerk is hereby directed to send a copy of this resolution to the said John L. Bloom and another copy thereof to the civil service commissioners.

"*Be it further resolved,* That the said John L. Bloom be given a reasonable opportunity to be heard in his own behalf upon the said charges."

A copy of this resolution was sent to the relator and another copy to the civil service commission of the city of Cincinnati. Said commission fixed July 17, 1911, for hearing said matter and so notified the relator.

Instead of presenting himself for such hearing before the civil service commission at that date or attending the meeting of the board of education and demanding a hearing by it, the relator brought this proceeding below, wherein he sought by mandamus to require the board of education to prefer

charges against him and give him an opportunity to be heard before said board and after said hearing to determine said charges, if they were sustained, to certify same to the civil service commission.

The writ of mandamus was properly denied. The resolution of the board of education as passed preferred specific charges and offered him reasonable opportunity to be heard in his own behalf and the record fails to show that he availed himself of such opportunity. It seems unnecessary for him to seek by mandamus to obtain that which he had already been afforded. From the record before us it appears that his position with the board of education was not that of an employe within the terms of the General Code, but was in the nature of a contract relation. *Lehigh Coal & Nav. Co.* v. *Central Ry. Co.,* 29 N. J. Eq., 252; *Rogers* v. *Florence Rd. Co.,* 31 S. Car., 220.

*Judgment affirmed.*

*Mr. J. B. Derbes* and *Mr. E. Scott King,* for plaintiff in error.

*Mr. Alfred Bettman,* city solicitor, for defendant in error.