## SCHOOL BUILDING JANITORS UNDER CIVIL SERVICE.

Court of Appeals for Hamilton County.

STATE OF OHIO, ON THE RELATION OF ARCHIE BARTHOLOMEW, V.
RICHARD B. WITT, AS TREASURER OF THE CITY
SCHOOL DISTRICT OF CINCINNATI.

Decided, September 26, 1914.

*Civil Service—Janitor of a Public School Building is in the Classified
Service—Hold Over Janitors Subject to a Non-Competitive Examin-
ation—Liability of Treasurer of School District Under Section
486-21.*

1. Under the rules of the board of education of Cincinnati a janitor of
   a public school building is an employee of the board rather than an
   independent contractor.
2. Such janitor of a public school building is within the classified serv-
   ice, but those who were legal incumbents of the position at the time
   of the passage of the civil service act are entitled to hold over, sub-
   ject to a non-competitive examination.·
3. Where the money has been drawn by the treasurer of a school dis-
   trict for payment of any salary due one legally employed as janitor
   and there is no sufficient reason for his not paying it over, a
   writ of mandamus will issue to require such payment.

*E. M. Ballard,* for plaintiff.

*Walter M. Schoenle,* City Solicitor, and *Charles A. Groom,*
Assistant Solicitor, contra.

JONES, O. B., J.; JONES, E. H., J., concurs; SWING, P. J., dis-
sents.

The board of education of Cincinnati has provided certain
rules for janitors and engineers, under which a janitor, janitor-
engineer, or janitress shall be appointed in each schoool building
and graded according to the character of heating plants and
closet systems, and shall be at all times subject to the direction
of the mechanical engineer or his representative and under the
immediate supervision of the principal of the school. Under
this arrangement the janitor has general supervision of and re--

sponsibility for the school building, yard, machinery and equipment committed to his charge. It is his duty to employ and pay out of the compensation allowed him all necessary assistants and provide all necessary supplies in the way of buckets, soap, brooms, etc., that may be required by him in cleaning and caring for said property. A compensation, which is also termed "salary" in the code of rules prepared by the board, is fixed on a per diem basis, determining the entire compensation for the care of each building, yard and apparatus on a schedule which provides for a computation by the square feet of floor space and yard surface and the character of heating, the number of boilers used, the number of stoves, pumps, shafting, engines, dynamos, electric motors, etc., the entire compensation being determined by this schedule. The rules provide for dividing the amount of such compensation treated as a yearly salary, by 313 for the per diem compensation, and for the payment thereof on the regular salary days of the board, for the number of days included in the period elapsing from the previous salary day.

The relator in this case has been a janitor of Woodward high school since the 26th day of June, 1911, and claims in the petition herein that the relations existing between him and the school board in rendering such service as janitor were those of a contractor with the board, rather than the relations of an employee. Under the rules of the board of education he was entitled to receive $8,238.82 per year for the care and custody of said building and apparatus, out of which he was required to pay the necessary help and to purchase the necessary supplies for cleaning said property and keeping the same in order in accordance with said rules. Relator alleges the performance of all of his duties and requirements under said conditions and payment for same up to August 3, 1914, and that an order has been made by the board of education for the payment to him of the sum of $631.20 for services in said capacity between August 3, 1914, and August 29, 1914; that pursuant to the action of the board of education ordering such payment the clerk of said board drew a check or voucher on the depository in which the funds of said school district are deposited, against the proper fund, which

voucher or check was signed by the necessary officers, and that the defendant in this case, who is the treasurer of the city school district of Cincinnati, drew from said depository the sum in cash necessary to pay the compensation due to relator in accordance with said action of the board; that he now holds said sum of $631.20 for such purpose, but refuses to pay it over to relator, who prays that a writ of mandamus issue commanding said treasurer to pay to him said sum.

The answer of the treasurer alleges that the relator is within the civil service of the school district of Cincinnati and within the classified service thereof. He denies that relator stands in a contract relation with the board of education, and alleges that the relator was appointed as a janitor and was paid a salary in accordance with the payroll transmitted by the board of education to the defendant for payment. He denies that said board of education had any authority under the law to enter into a contract as claimed by relator because of the statute providing for the employment of janitors by appointment, and alleges that said position of janitor is within the classified service of said school district. His answer fails to allege any reason why the defendant should not pay over the money which he has drawn from the depositor for payment to relator.

From the argument of the case, however, it would appear that defendant has declined to make this payment by reason of the provisions of Section 486-21, General Code (Section 21 of the act, 103 O. L., 710).

The first question to be considered is the nature of the relations between relator and the board of education, whether as janitor, under the rules and regulations of the board he is an employee of the board, or whether he is an independent contractor.

In the broad sense of the term, every employee, sustains a certain contract relation with his employer. A careful examination of the laws relating to the board of education fails to show lack of authority on its part to make and carry out the rules and regulations provided for the care and maintenance of its buildings. Broad powers are given to the board under Sec-

tion 7620, G. C., to "make all other provisions necessary for the convenience and prosperity of the school." The usual limitations as to public letting of contracts by bids seem to be required as to such board only as to matters falling within the terms of Section 7623, G. C., with reference to buildings and repairs, *Gosline B'd of Ed.* v. *Toledo*, 11 C.C.(N.S.), 195. Section 7690, G. C., authorizes the board to appoint janitors and fix their salaries. This, no doubt, may be done either in the customary way of appointing each person serving in such capacity and fixing a monthly or yearly salary for his particular service or in the manner which has been provided by the plan adopted by the Cincinnati board. Whether or not such a plan is contrary to public policy is addressed rather to the General Assembly than to the court, and, finding as we have said, no inhibition against such an arrangement in the law, we arrive at the conclusion that the method of employing janitors adopted by the Cincinnati board is legal.

Under the law as we view it, it is possible that the board of education might provide for this service by an independent contract, or by direct employment. Considering however the terms expressed in the rules and regulations, the manner of employment of relator, the fact that no written contract was prepared and signed between the parties, and that his relations with the board are subject to termination at any time, we must conclude that his position is rather that of an employee than an independent contractor.

The case of *State, ex rel Bloom,* v. *Cin. Bd. of Ed.*, 20 C.C. (N.S.), p. —, has been relied upon as holding that a janitor under such a regulation was in no sense an employee. The language used in the opinion in that case might be so construed, but was not intended to have that effect nor was such ruling necessary for the purposes of that case.

The next question to determine is whether or not the relator comes within the provisions of the civil service law as found in 103 O. L., 698. The general terms embraced in this law convince the court that such a position as is occupied by the relator is intended to fall within the class of service covered by Section

8 (b) as found on page 702 (G. C., 486-8), and should be included within the classified service subject to the rules provided by said act. Had an exemption been intended for this class of service it should be found among the paragraphs under Section 8 (a). The evident purpose of the act found in 103 O. L., 698, was to bring all classes of public service in the state, city and school district within its provisions, subject only to the exceptions therein contained. The position held by relator not being named among those exceptions he must be held to be a public employee within the classified service as defined in Section 8 (b) of said act. But as a legal incumbent of the position at the time of the passage of the act he would be entitled to hold it subject to a non-competitive examination as provided in Section 10 of the act.

The real question, however, raised by the pleadings is whether the treasurer is justified in refusing to pay over to the relator the amount of money drawn by the treasurer from the depository for the benefit of the relator. As above stated, defendant's counsel relies upon Section 486-21 of the General Code as a defense. A careful examination of this section shows that it is intended to prevent the drawing of a warrant on the treasurer, for the payment of salary or compensation to any person in the classified service unless the estimate, payroll or account for such salary or compensation should have the certificate of the State Civil Service Commission, or in case of service in the city, the certificate of the municipal civil service commission. It will be noticed while the first part of this section in relation to the drawing of a warrant includes the fiscal officer of a city school district the provision in regard to a certificate by the civil service commissioner relates to the service of a city and fails to include specifically the service of a city school district. The last part of this section makes liable for the repayment of money improperly paid both the officer making an appointment in contravention of the provisions of law and the officer signing, countersigning or authorizing any warrant for the payment of same. It will be noticed that the defendant in this case would not be included in the liability fixed by this statute. There is nothing in

the pleadings of record of this case as to whether or not the pay-roll estimate or voucher upon which this money was drawn bore the certificate of the city civil service commission, but as the court has found that the relator was regularly and legally employed, it was the duty of the civil service commission to so certify his payroll or voucher. The money has actually been drawn and is in defendant's hands for the benefit of relator. No legal reason is shown by him for not paying it over.

A writ of mandamus will therefore issue as prayed.