Kunkle, J.
Plaintiff in error seeks to recover from defendant in error, a bonding company, upon a certain bond given by The Kokomo Foundry & Machine Company to plaintiff in error for the purpose of securing the performance of a contract entered into between the city of Columbus and The Kokomo Foundry & Machine Company for the installation of certain stokers for the city municipal light plant. The substance of said bond is as follows:
“Know All Men By These Presents, That we, the undersigned, Kokomo Foundry & Machine *43 Company of Kokomo, Indiana, as principal and Chicago Bonding & Surety Company of Chicago, Illinois, as sureties, are hereby held and firmly bound unto the city of Columbus, Ohio, in the penal sum of Three Thousand Dollars, for the payment of which well and truly to be made, we hereby jointly and severally bind ourselves, our executors and adminislrators.
“Signed this 28th day of September, 1916.
“The condition of the above obligation is such that if the said Kokomo Foundry &; Machine 'Company, shall well and faithfully do and perform the things agreed by them to be done and performed according to the terms of the foregoing contract, then this obligation shall be void; otherwise the same shall remain in full force and effect.”
The petition contains the averments necessary to establish liability, and further alleges that the contractor has performed no part of the work specified in the said contract, and has not furnished, delivered, or erected two 500 'horsepower underfeed stokers at the municipal light plant in said city of Columbus, nor performed any work in connection therewith, and that Upon the failure of said contractor to fulfill its contract plaintiff in error was obliged to purchase the said material elsewhere and at a price $4,020 greater than the contract price with The Kokomo Foundry & Machine Company.
It is conceded that neither the contractor, nor the receiver of said contractor, has furnished any material or performed any labor under the contract, and that no payment has been made by the city to the contractor or receiver upon such contract.
*44 Defendant in error filed an answer containing two defenses.
The second defense, with which we are now concerned, alleges as follows:
“This defendant expressly denies that the Board of Purchase of the city of Columbus^ Ohio, was ever at any time authorized or empowered to advertise for bids upon or to enter into any agreement or contract for the purchase of two 500 ¡horsepower Underfeed Stokers for use in the extension of the municipal light plant of the city of Columbus or for any other purpose, or that any money was ever appropriated by the said city (council to pay the expense of the purchase or installation of the same, or that said Board of Purchase was ever at any time authorized or empowered to enter into any contract or agreement with the said Kokomo Foundry & Machine Company or with any other persons for the purchase of two 500 horsepower Underfeed Stokers for use by said city of Columbus, as aforesaid.'
“But on the contrary this defendant expressly avers that said alleged contract or agreement purporting to have been made with the said Kokomo Foundry & Machine Company for and on behalf of the city of Columbus, Ohio, was made by the said Board of Purchase wholly without authority of any kind whatsoever from the city of Columbus or from the city council of said city and without any approjpriation ever having been made therefor; that said alleged contract between the said Board of Purchase of said city of Columbus and the said Kokomo Foundry & Machine Company was and is not the contract of the city of Columbus, Ohio; and that, *45 having been made by the said Board of Purchase without any authority of any kind whatsoever and without any appropriation therefor, as aforesaid, said alleged contract was and is of no binding force or effect and was and is wholly illegal and void.
“This defendant says that at the time it executed said alleged writing styled a bond, dated September 28, 1916, as aforesaid, there was in fact no valid, binding or enforcible contract or agreement between the city of Columbus and the said Kokomo Foundry & Machine Company for the purchase, construction, delivery or erection of said 500 horsepower Underfeed Stokers or for any other purpose because of the facts and reasons hereinbefore set forth; that' said writing styled a bond, dated September 28, 1916, as aforesaid, related only, and was intended to relate only, to the said paper writing between the plaintiff and the said Kokomo Foundry & Machine Company; that said paper writing, the performance of which it was intended to insure and cover, was and is in fact invalid, illegal, void and of no force or effect, and that therefore the said writing styled a bond, dated September 28, 1916, is itself a nullity, illegal, void, and of. no binding force or effect whatever.”
The surety company by its answer thus raises the legal question as to whether or not the Board of Purchase of the city of Columbus had the legal authority to make the contract with The Kokomo Foundry & Machine Company.
The city of Columbus demurred to the second defense of the answer upon the ground that the averments of such answer do not constitute a defense.
*46 This demurrer was overruled in the lower court, and the city not desiring to plead further, final judgment was rendered.
From such judgment plaintiff in error prosecutes error to this court.
The demurrer admits the allegation in the second defense of the answer that the city of Columbus never received any authority from the city council to enter into this contract, and also admits that the city Board of Purchase advertised for bids, awarded the contract, and accepted the bond, without any action having been taken by council, and without any appropriation having been made therefor.
The demurrer also admits that nothing was done by the contractor under the said contract except to furnish the bond in question, and that the city made no payment on account of such contract.
Section 162 of the charter of the city of Columbus provides:
“When any expenditure in any department other than the compensation of persons employed therein, exceeds five hundred dollars, it shall first be authorized and directed by ordinance of the council. When so authorized and directed, the proper board or officer shall make a written contract in strict accordance with the terms and conditions of the ordinance, with the lowest and best bidder.”
Section 162 of the Columbus charter is similar to Section 4328, General Code.
Section 142 of the Columbus charter creates a Board' of Purchase, and provides that such board shall make all purchases for the city in the manner provided by ordinance.
*47 It is claimed by counsel for defendant in error! that there can not be a valid contract of suretyship; without a valid principal contract, and that in the] case at bar the principal contract between the city.’ of Columbus and The Kokomo Foundry & Machine Company is void because it involves an penditure in excess of five hundred dollars and the Board of Purchase entered into it without being authorized so to do by an ordinance of the council; that as the principal contract between the city and the contractor is void, the surety company can not be held liable upon its bond of indemnity.
Counsel have favored the court with very helpful briefs wherein many of the leading cases in this and other states are discussed. We shall not attempt to analyze or discuss these cases in detail.
Some of the decisions from sister states can easily be distinguished by reason of differences in the statutes of such states.
Our supreme court in an unbroken line of decisions, such as City of Lancaster v. Miller, 58 Ohio St., 558; Buchanan Bridge Co. v. Campbell et al., Commrs., 60 Ohio St., 406; Comstock et al. v. Village of Nelsonville et al., 61 Ohio St., 288; The City of Welision v. Morgan, 65 Ohio St., 219; State, ex rel., v. Fronizer et al., 77 Ohio St., 7, and various other decisions, has announced the rule that so-called “restrictive statutes,” which control and safeguard municipalities, must be complied with, and that the failure so to do renders the contract void, and that the court will leave the parties where it finds them.
We had occasion to discuss one of these restrictive statutes in the case of Mad River Township v. *48 Austin - Western Road Machinery Company, 5 Ohio App., 298, in which case the supreme court after-wards refused to order a writ' of certiorari.
It is earnestly argued by counsel for plaintiff in error that Section 162 of the Columbus charter does not expressly provide that a contract made in violation of the restrictive provisions of said section shall be void.
It is true that many of the restrictive sections of the General Code do provide that a contract made in violation of such restrictive provisions shall be void.
Where there is a statute conferring general powers upon a board, followed by a restrictive statute, it is possibly the rule that the restrictive statute would have to contain an express provision to that effect before the contract would be void. Where no general powers are conferred upon a board and the only authority of the board is conferred by the restrictive statute, we are of opinion that if the terms of the restrictive statute, as to authority, are not complied with, any contract of the board made Un violation of such restrictive provisions would be 'void and of no effect.
It will be noted that Section 142 of the Columbus charter does not confer general power to contract upon the Board of Purchase. Such section, in effect, makes the authority of said board to purchase depend upon the enactment of an ordinance.
Under Sections 142 and 162 of the charter the enactment of an ordinance conferring authority upon the Board of Purchase for the purpose of enabling such board to make a valid contract is jurisdictional, and in the absence of such an ordi *49 nance we think the board would be acting without any authority.
The failure of the council to pass an ordinance.) authorizing the Board of Purchase to make a contract is not a mere irregularity, but goes to the question of the jurisdiction of the board to act.
The contract between the city and the contractor being void, and-not merely voidable, there was no valid contract upon which to base a liability of suretyship.
Many cases are cited in which the surety was held although the principal was not bound.
We think the principle underlying this line of cases does not apply to a case wherein the principal contract is absolutely void.
It is also suggested that the surety company is estopped from denying the recital in the bond with reference to the principal contract.
We think the recital in the bond is not of itself conclusive upon the surety that the contract referred to was a valid contract.
In addition to the recital in the bond, before the surety will be estopped, there must also be some circumstance which would make it inequitable for the surety to deny the recital in the bond and show the truth.
No such circumstance appears in the record, As a matter of fact the defect in the contract consists in the failure of the city to enact the necessary ordinance to make the contract valid.
Under such circumstances we are of opinion that, the surety company is not estopped from showing the true situation with reference to the principal contract'.
*50 We have considered all the grounds for reversal suggested by counsel for plaintiff in error in their brief, and are of opinion that the judgment of the lower court should be affirmed.

Judgment affirmed.

Allread and Ferneding, JJ., concur.