## HEIL, ETC., *v.* PROCTOR.

*Pleadings — Sufficiency of petition — Negligent acts or omissions — Indefiniteness waived by answer, when — Error to direct verdict, when — Water overflows into rooms below — Ordinary care by lessee of upper apartment.*

1. A petition which merely alleges that the defendant negligently and carelessly caused and allowed water to overflow the sink and drains and run through the floors into the rooms occupied by the plaintiff as tenant, should, on motion, be made more definite and certain by setting out what the negligent acts or omissions were.
2. Indefiniteness and uncertainty in a petition are waived by answer, and in such event can not be the basis for directing a verdict for the defendant at the close of the evidence for the plaintiff.
3. The duty rests upon the lessee of an upper apartment to use ordinary care to shut off the flow of water into a sink, and to prevent obstructions to the outlet of the sink, and the duty to use that care continues although the landlord had on various occasions shut off the water in the supply pipe in the hallway when there was danger of freezing.

(Decided May 16, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Ochiltree & Dussol* and *Mr. H. E. Englehardt,* for plaintiff in error.

*Messrs. Hackett, Yeatman & Harris,* for defendant in error.

RICHARDS, J. On and prior to February 19, 1917, the plaintiff, Nellie A. Heil, occupied, for the purpose of conducting a printing shop, the fifth floor of a building known as No. 124 Government Place, Cincinnati, and the defendant, Frederick Proctor, occupied the sixth and seventh floors of

the same building, which floors he used in his business of bookbinding. On the date named, the rooms occupied by the plaintiff were flooded with water coming from the sixth floor of the building. This action was brought by her for the purpose of recovering the damage to her property caused by the same being flooded by water coming from the rooms occupied by the defendant.

At the close of the evidence offered on behalf of the plaintiff the trial judge directed a verdict for the defendant, and judgment was rendered thereon, and it is now contended that the trial judge erred in directing the verdict. The action of the trial judge was based upon the ground that the allegations of the petition were insufficient to charge the defendant with negligence, and upon the further ground that the evidence which was introduced did not make a case for the plaintiff sufficient to be submitted to the jury.

It appears from the averments of the petition that both parties to this litigation were tenants of the same landlord, who owned the entire building and sublet the same to various tenants, and that there was a sink on the sixth floor of the building, in the rooms occupied by the defendant, which sink was used by him in conducting his business as occasion might require. The petition avers "that the defendant, his servants and agents negligently and carelessly caused and allowed large quantities of water to overflow said sink and drains and run and flow through the floors and down into the rooms occupied by the plaintiff as tenant," and it is urged that this is merely the averment of a conclusion and not sufficient to charge the defendant

with any negligent act. The petition was not assailed by motion or demurrer and no objection was made at the opening of the trial to the introduction of any evidence under the petition. This court is of opinion that the petition would be subject to a motion to make more definite and certain, but that the defendant having answered by a general denial and gone to trial without objection it is too late thereafter to contend that the petition was insufficient to charge the defendant with actionable negligence. If the defendant contended that the petition was too indefinite and uncertain in the respects named, it should have been assailed by motion as indicated in *N. Y., C. & St. L. Ry. Co.* v. *Kistler,* 66 Ohio St., 326. The rule applicable in such cases is well stated in 3 Bates' Pleading, Practice, Parties and Forms, 2263, that an averment that an act, omission or conduct is negligent is generally deemed an averment of fact and not demurrable as being a mere conclusion, and if not objected to by motion will sustain evidence of any negligence in relation to the general conduct charged. See also *Altman* v. *Devou,* 18 N. P., N. S., 487, a decision of the common pleas court of Hamilton county, affirmed by the court of appeals without opinion. See also *Laithe* v. *McDonald et al.,* 7 Kans., 254.

We have no difficulty in reaching the conclusion that while the petition was subject to a motion to make more definite and certain, the fact of its indefiniteness and uncertainty in charging negligence could not be a basis for directing a verdict for the defendant.

It is insisted, however, that the evidence offered by the plaintiff was not sufficient to take the case to the jury. The evidence tended to show that the defendant and his employes carried the key to the rooms occupied and used in his business, and that water was supplied through a faucet to the sink on the sixth floor used by him; that on the morning of February 19, 1917, certain glue pots and other utensils were found in the sink; that soft, mushy glue had escaped therefrom and was in the bottom of the sink and had clogged the outlet; and that water had overflowed from the sink onto the floor and thus found its way down into the rooms of the plaintiff. Some evidence was introduced tending to show that on certain occasions, when there was danger of freezing, the janitor or elevator man, employed by the owner of the building, turned off the water in the hallway, and that when so shut off no water would flow through the faucet into the sink used by the defendant, and that on Saturday, February 17, it had not been shut off by the employes of the landlord. It is not apparent from the record how the defendant would know whether the landlord's employes on the occasion under investigation would or would not believe that there was danger of freezing, or whether they would or would not shut off the water in the block; or how the failure to do so would excuse the defendant for leaving the faucet in the sink open from Saturday afternoon until Monday morning, if he did do so. Manifestly the duty rested on the defendant himself to use ordinary care in closing the faucet or preventing obstructions in the sink used by him. We have no doubt that sufficient evidence was

offered to require that the case should have been submitted to the jury, and for error of the court in directing a verdict for the defendant the judgment will be reversed and the cause remanded for new trial.

*Judgment reversed, and cause remanded.*

KINKADE and CHITTENDEN, JJ., concur.

Judges of the Sixth Appellate District, sitting in place of Judges SHOHL, HAMILTON and CUSHING of the First Appellate District.