NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1503
_____

UNITED STATES OF AMERICA

v.

LEROY MCKENZIE,
also known as LEROY MCKENZE;
also known as M.S.

Leroy McKenzie,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cr-00401-001)
U.S. District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 15, 2017

Before:  CHAGARES, RESTREPO and FISHER, *Circuit Judges*.

(Filed: February 28, 2018)
_____

OPINION[*]
_____

_____

     [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Leroy McKenzie pleaded guilty to passport fraud in violation of 18 U.S.C. § 1542, and falsely claiming to be a U.S. citizen in violation of 18 U.S.C. § 911. The District Court imposed an upward variance, sentencing McKenzie to 48 months' imprisonment followed by two years' supervised release. McKenzie appeals, arguing that the District Court abused its discretion and that the sentence was substantively unreasonable. For the reasons that follow, we will affirm.

## I.

McKenzie, a citizen of Jamaica, was deported in 1999 following a conviction for second degree murder and again in 2009 after a conviction for illegal reentry. In 2011, he was again arrested for illegal reentry. After serving 46 months for the second illegal reentry, McKenzie should have been deported for a third time, but but he was mistakenly released by California local authorities. McKenzie then applied for a U.S. passport, falsely identifying himself as M.S., an actual person he resembled. McKenzie supported his passport application with M.S.'s expired passport, and the application was approved. McKenzie was eventually charged with passport fraud in violation of 18 U.S.C. § 1542, and falsely claiming to be a U.S. citizen in violation of 18 U.S.C. § 911; he entered a plea of guilty to both counts.

Prior to sentencing, McKenzie provided the government with valuable information that resulted in several indictments. Based on this cooperation, the government filed a

2

motion for downward departure under U.S.S.G. § 5K1.1. At McKenzie's sentencing hearing, the parties agreed with the District Court that, under the Guidelines, McKenzie's total offense level was 15, and that his suggested imprisonment range was 37 to 46 months. The court granted the government's motion pursuant to § 5K1.1, departing downward to an offense level of 7, resulting in a Guidelines range of 12 to 18 months.

The District Court next analyzed the 18 U.S.C. § 3553(a) factors. Although it credited McKenzie for allegedly supporting his children, and for the "significant cooperation that [he] provided at risk to himself,"[1] the court also noted McKenzie's limited work history and lack of community involvement. Moreover, the court determined that it could not "overlook 20 years of [McKenzie's] conduct in the United States."[2] Noting the "impressive number" of felony convictions involving "drug[s], passport fraud, illegal re-entry[,] and an attempted murder," the court decided that this was "a prototypical case of an illegal alien who has just flouted the [laws] of the United States consistently for a long period of time."[3] In order for the sentence to reflect, *inter alia*, "the seriousness of the offense, respect for the law, [and] just punishment for the offense," the court concluded that several of the § 3553(a) factors "compel[led] an upward variance."[4] Accordingly, the court increased McKenzie's offense level to 16

---

[1] App. 42.
[2] App. 42.
[3] App. 41–42.
[4] App. 36, 43.

(higher than before the downward departure), yielding a Guidelines range of 41 to 51 months. The judge ultimately sentenced McKenzie to 48 months' imprisonment, noting "that even [this sentence] underestimate[d] the seriousness of [McKenzie's] conduct while illegally in the United States and the offense at issue for which [McKenzie was] being sentenced."[5]

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the substantive reasonableness of the District Court's sentencing decision under an "abuse-of-discretion standard."[6] "[T]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."[7] Where, as here, there are no allegations of significant procedural errors, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."[8] "In other words, if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing

---

[5] App. 43.

[6] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

[7] *Id.* at 568 (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).

[8] *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[9]

### III.

McKenzie concedes that his sentence was procedurally sound. His only argument is that the District Court abused its discretion in determining that the § 3553(a) factors supported a nine-level upward variance, and that the resulting sentence was substantively unreasonable. He argues—in largely conclusory fashion—that the "factors [considered by the judge] in combination with the other § 3553(a) factors considered [were] not sufficient" to deviate nine levels from the applicable Guidelines range, and that "no reasonable sentencing court" would have done so based on McKenzie's prior convictions (which were largely accounted for in the Guidelines determination), his limited work history and community involvement, and his otherwise "lack of benefit to the United States."[10] He is incorrect.

At sentencing, the District Court meaningfully considered, pursuant to 18 U.S.C. § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant." Although it did take into consideration McKenzie's prior convictions—which (as McKenzie points out) were largely accounted for in the Guidelines determination—the court also analyzed other factors. The court explained the

---

[9] *Id.*
[10] Appellant's Br. 10.

reasons for its sentencing determination, namely, that even after crediting McKenzie with "contribut[ing] to his children's upbringing" and cooperating with the government,[11] an upward variance was warranted in order to reflect, *inter alia,* "the seriousness of the offense, respect for the law, [and] just punishment for the offense."[12] The court thought that its sentence, even with the upward variation, "underestimate[d] the seriousness of [McKenzie's] conduct."[13] Moreover, the court noted that "but for [McKenzie's] extensive cooperation, [his] sentence would have been much higher."[14]

Based on this record, including the District Court's explanation for the exercise of its discretion, we cannot now conclude that "no reasonable sentencing court would have imposed the same sentence on [McKenzie] for the reasons the district court provided."[15]

IV.

For the reasons set forth above, we will affirm the District Court's sentence.

---

[11] App. 42.
[12] App. 36.
[13] App. 43.
[14] App. 44.
[15] *Tomko*, 562 F.3d at 568.