IDA C. ZACKMAN, ET AL. v. JAMES M. DICK.

1. **Scrivener's Testimony as to Testator's Instruction Incompetent to Show Intention in Disposition by Will.**

   In construing a clause in a will testimony by the scrivener as to instructions given him by the testator at the time the will was written, or as to what the testator said at that time regarding his intention in the disposition of his property, is wholly incompetent.

2. **Title under Devise to Devisee and Heirs not Reduced to Life Estate by Construction Showing Children not Heirs Intended.**

   Where an absolute estate in land has been conveyed to Z and her "heirs," it can not be reduced to a life estate by a construction of a subsequent clause which would make the word

Zackman v. Dick.

"heirs" read "children," unless the clause placing a limitation on the estate is as clear and unequivocal as the clause making the grant of a fee simple title.

[Syllabus by the court.]

SPECIFIC PERFORMANCE.

*Skiles, Green & Skiles,* for plaintiffs.

*R. F. Long* and *Chas H. Huston,* for defendant:

Where real estate is given absolutely in fee simple to a person, and where language entirely different is used in the devise of other real estate, the presumption at law is that an inferior estate was given in the last mentioned devise. *Kimball* v. *Kimball,* 13 Dec. 556; *Smith* v. *Bell,* 31 U. S. (6 Pet.) 68 [8 L. Ed. 322]; Schouler, Wills Sec. 492, p. 524; *Rhodes* v. *Weldy,* 46 Ohio St. 234 [20 N. E. Rep. 461; 15 Am. St. Rep. 584].

The words "heirs" as used in the will should be construed so as to effect the intention of the testator. *Ober* v. *Hickox,* 10 Circ. Dec. 128 (19 R. 42); *Weston* v. *Weston,* 38 Ohio St. 478; *Kiersted* v. *Smith,* 10 Dec. 279 (8 N. P. 378); *Murphy* v. *Carlin,* 113 Mo. 112 [20 S. W. Rep. 786; 35 Am. St. Rep. 699].

Extrinsic evidence is admissible for the purpose of clearing up doubtful expressions in the will and to that end conversations, we claim, in the presence of the testator occurring even at the time of the drafting of the will, are admissible. 29 Am. & Eng. Enc. Law (2 ed.) 340; *Patterson* v. *Wilson,* 101 N. C. 594 [8 S. E. Rep. 341]; *Winkley* v. *Kaime,* 32 N. H. 268; *Allen* v. *Lyons,* 2 Wash. C. C. 475; *Cotton* v. *Smithwick,* 66 Me. 360; *Clark* v. *Hardwick Seminary (Tr.),* 2 Circ. Dec. 87 (3 R. 152); *Chappell* v. *Missionary Soc.* 3 Ind. App. 356 [29 N. E. Rep. 924; 50 Am. St. Rep. 276]; *Whitcomb* v. *Rodman,* 156 Ill. 116 [40 N. E. Rep. 553; 28 L. R. A. 149; 47 Am. St. Rep. 181]; *Bingel* v. *Volz,* 142 Ill. 214 [31 N. E. Rep. 13; 16 L. R. A. 321; 34 Am. St. Rep. 64]; *Thompson* v. *Ish,* 99 Mo. 160 [12 S. W. Rep. 510; 17 Am. St. Rep. 552]; *Griscom* v. *Evens,* 40 N. J. Law 402 [29 Am. Rep. 251]; *Tuxbury* v. *French,* 41 Mich. 7; *Patch* v. *White,* 117 U. S. 210 [6 Supp. Ct. Rep. 617; 29 L. Ed. 860]; *Warner* v. *Miltenberger,* 21 Md. 264 [83 Am. Dec. 573]; *Heidenheimer* v. *Bauman,* 84 Tex. 174 [19 S. W. Rep. 382; 31 Am. St. Rep. 29]; *Coulam* v. *Doull,* 133 U. S. 216 [10 Sup. Ct.

Rep. 253; 33 L. Ed. 596]; *Kurtz* v. *Hibner,* 55 Ill. 514 [8 Am. Rep. 669]; *Sturgis* v. *Work,* 122 Ind. 134 [22 N. E. Rep. 996; 17 Am. St. Rep. 349]; *Eatherly* v. *Eatherly,* 41 Tenn. (1 Cold.) 461 [78 Am. Dec. 499]; *Gilmore's Estate,* 154 Pa. St. 523 [26 Atl. Rep. 614; 35 Am. St. Rep. 855]; *Barnard* v. *Barlow,* 50 N. J. Eq. 131 [24 Atl. Rep. 912]; *White* v. *Holland,* 92 Ga. 216 [18 S. E. Rep. 17; 44 Am. St. Rep. 87]; *Henry* v. *Henry,* 81 Ky. 342; *Waldron* v. *Waldron,* 45 Mich. 350 [7 N. W. Rep. 894]; Succession of Ehrenberg, 21 La. Ann. 280 [99 Am. Dec. 729]; *Eberts* v. *Eberts,* 42 Mich. 404 [4 N. W. Rep. 172]; *Schlottman* v. *Hoffman,* 73 Miss. 188 [18 So. Rep. 541; 55 Am. St. Rep. 527].

A court will not compel the specific performance of real estate where the purchaser will have an imperfect title, or in cases where there is a chance of litigation; or, in other words, he is entitled to hold real estate free from worry and doubt. *Vought* v. *Williams,* 120 N. Y. 253 [24 N. E. Rep. 195; 8 L. R. A. 591; 17 Am. St. Rep. 634]; *Kellerman* v. *Loan & Bldg. Co.* 7 Dec. 408; *Dobbs* v. *Norcross,* 24 N. J. Eq. 327; *Tillotson* v. *Gesner,* 33 N. J. Eq. (6 Stew.) 313; 3 Parsons, Contracts (6. ed.) *380; Watterman, Spec. Perf. Sec. 414; *Tiffin* v. *Shawhan,* 43 Ohio St. 178 [1 N. E. Rep. 178]; *Pope Mfg. Co.* v. *Gormully,* 144 U. S. 224 [12 Sup. Ct. Rep. 632; 36 L. Ed. 414]; *New Orleans* v. *Railway,* 44 La. Ann. 64 [10 So. Rep. 401]; *Kelsey* v. *Crowther,* 7 Utah 519 [27 Pac. Rep. 695]; *American Box Mach. Co.* v. *Crosman,* 57 Fed. Rep. 1021; *East St. Louis Connecting Ry.* v. *East St. Louis,* 81 Ill. App. 109, affirmed, *East St. Louis Connecting Ry.* v. *East St. Louis,* 182 Ill. 433 [55 N. E. Rep. 533].

## VOORHEES, J.

The plaintiffs' action was brought in the court of common pleas of this county to enforce the specific performance of a contract in writing for the sale of real estate, wherein the plaintiffs, Ida C. Zackman and J. B. Zackman, entered into a written contract with the defendant, James M. Dick, to sell to said James M. Dick eighty acres of land in Franklin township, Richland county, Ohio, which land had come to her as one of the heirs of John Crum, deceased.  This contract was entered into

Zackman v. Dick.

between said Ida C. Zackman and James M. Dick on the second day of February, 1911. The substance of the contract was that said Dick should pay for said land the sum of $7,000; $100 to be paid cash in hand and the balance, $6,900, on or before April 1, 1911.

Under and by virtue of said contract, defendant Dick agreed to pay said balance of the purchase money, to wit, $6,900, on or before April 1, 1911, and upon the payment of the same the plaintiffs agreed to deliver unto the said James M. Dick or to his heirs or assigns a general warranty deed and abstract of title of the real estate so sold with covenants and warranties against all dower rights and other incumbrances, said deed to be delivered on or before April 1, 1911.

Defendant James M. Dick paid of said consideration the sum of $100; but neglected and refused to pay the balance of said purchase money. On said April 1, 1911, the plaintiffs tendered to defendant a general warranty deed and abstract of title of the real estate so sold with covenants and warranties against all dower rights and other incumbrances, but the defendant refused to pay the purchase money so agreed upon by him to be paid in said contract and to perform the terms and stipulations of said contract upon his part to be performed.

The plaintiffs performed all the conditions of said contract to be performed by them prior to April 1, 1911, but the defendant failed and refused to carry out said contract upon his part. The plaintiffs executed and tendered to the defendant a deed and abstract of title according to said contract and demanded the payment of the purchase money with interest.

The object and purpose of said action brought by said plaintiffs was to enforce the specific performance on the part of said defendant of said contract and the payment of the consideration agreed upon therein, and that the defendant be required to pay interest on the balance of said consideration from the first day of April, 1911.

The defendant, James M. Dick, filed an amended answer to said petition, wherein he admits that upon the second day of February, 1911, he signed a paper writing according to the terms of which he agreed to purchase the premises described in

plaintiffs' petition from the said plaintiffs; that by the terms of said paper writing plaintiffs agreed to convey said premises in fee simple by deed of general warranty in consideration of the sum of $7,000, of which $100 was to be paid in cash and the balance on or before April 1, 1911; that on the day of the signing of the said paper writing he paid the plaintiffs the sum of $100 as part payment of the consideration of said premises; defendant further admits that by the terms of said paper writing plaintiffs were to deliver to him, on or before April 1, 1911, a general warranty deed and abstract of title of the real estate aforesaid, with covenants and warranties against all dower rights and other incumbrances. He denies each and every other allegation contained in plaintiffs' petition not therein expressly admitted to be true.

By way of cross petition he avers that he signed the paper writing set forth in plaintiffs' petition upon the representations of the plaintiffs that they were the owners in fee simple of the premises described in the petition, and that they agreed in said paper writing to convey to him a fee simple title for the premises described in the petition. He avers that at the time he executed said paper writing he paid to the plaintiffs the sum of $100, part consideration of the premises, but that at the time of said payment said Ida C. Zackman was not the owner in fee simple of the premises described in the petition, which fact was unknown to the defendant at that time. The plaintiffs, on the first day of April, 1911, and at all times prior thereto and since, have been unable to comply with the terms of said paper writing, not being the owners of said premises in fee simple, and are now unable to convey a fee simple title to the defendant. He further avers that the interest of plaintiffs in the premises described in the petition. were encumbered on November 17, 1910, by a certain lease executed by said plaintiffs to the Ohio Fuel & Supply Company for the period of twenty years, said lease being of record, volume 7, page 250, lease record of Richland county; that said lease is still in full force.

The consideration, $7,000, was based upon the marketable fee simple title which plaintiffs are unable to deliver to the defendant. He further avers that no deed was delivered to him

on April 1, 1911, as was required by the terms of said paper writing. He therefore prays that the plaintiffs' petition be dismissed and that his judgment for $100 be rendered against the plaintiffs with interest from February 2, 1911, and for costs.

To this amended answer and cross petition the plaintiffs filed their reply; and say, in substance, that the paper writing executed between themselves and the defendant was signed by said Ida C. Zackman and Jacob Zackman and that the signature of said Ida C. Zackman was her signature and was authorized by her. By way of further answer to the cross petition, plaintiffs admit that the $100 was paid as part consideration at the time of the execution of the contract. They admit that they represented themselves as being the owners of the premises described in the petition as set forth in said written contract. They further admit that an oil and gas lease was executed by them to the Ohio Fuel & Supply Company, which lease was afterwards recorded in the lease record of Richland county, Ohio, but said lease was not made of record until some time in May, 1911, and that the same was shortly thereafter released of record, and is not now of record in said county, and they deny each and every other allegation or part of allegation in said cross petition not therein admitted to be true.

Upon the issues thus made in the pleadings the cause was tried in the court of common pleas, resulting in a decree in favor of the defendant, in which the court held that the plaintiffs had no cause of action as claimed in the petition and that the petition be dismissed. The court further found upon the counterclaim that said plaintiffs were indebted to the defendant in the sum of $100 and that the defendant recover from the plaintiffs the said sum of $100 with interest and his costs therein expended. The cause was appealed to this court and has been submitted to the court upon the pleadings and the record in the court below and an agreed statement of facts which are submitted to the court in connection with certain testimony embraced in depositions taken in said cause.

The main contention in this case arises upon the construction to be given to the last will and testament of John Crum, deceased, and especially the fifth item thereof, namely: what is

the nature of the estate and the extent thereof given to the plaintiff, Ida C. Zackman?

Although the action is a suit for the specific performance of a written contract, the principal question involved is as to the nature of the title that Ida C. Zackman got by the will of her father, John Crum, which will was executed on the third day of February, 1897. Said will was duly probated and a copy thereof is introduced in evidence and its true construction will determine the issue in this case.

There is a preliminary question that we will here notice before attempting to give a construction of the will or the fifth item thereof, which is the item giving to Mrs. Zackman the land in question. That preliminary question is as to the competency of certain testimony offered in evidence embraced in the deposition of Austin J. Fickes. The deposition was received under objection, which objection the court sustains, with exceptions. The objection to the testimony of Fickes is on the ground that he can not testify as to the instructions given him at the time the will was written or as to conversations as to the intention of the testator. If the controversy here was a suit to contest the will of John Crum there would be more reason for the admission of such testimony, but upon the construction of the will we hold that such evidence is wholly incompetent, as the will must speak for itself.

In the construction of wills there are certain well settled rules to be observed. These rules are used in ascertaining the meaning of the testator when it is doubtful, but are never invoked to defeat his intention when it is clear. The primary rule of construction is:

"In the construction of wills, the great object is always to ascertain the intention of the testator. That intention is made known by language. It may be awkward, obscure and ungrammatical, but it must be language; and one of the important rules for the construction of wills, is that its language must be interpreted according to its proper acceptation." *Painter* v. *Painter*, 18 Ohio 265.

The determination of this intention does not give a court the right to conjecture or correct or redraft a will in which the

testator has clearly expressed his intention, for "the true inquiry is not what the testator meant to express, but what the words used do express." Page, Wills Sec. 460, and authorities therein cited.

"Parole testimony can not be admitted to contradict or explain the contents of a will." *Painter* v. *Painter, supra.*

Now, what is the clear meaning of the devise in the fifth item of the will under consideration? The language of that item is:

"I hereby give and devise to my daughter, Ida Catherine Zackman, and her heirs the west half of the southeast quarter of section ten, consisting of 80 acres in Franklin township, Richland county, Ohio."

It is conceded by counsel for the defendant that if this item stood alone it would convey a fee simple estate, but it is sought to reduce the estate given in this item by comparing the language used in item five with language used in other items of the will. By statute, in a will the word "heirs" is no longer necessary to the creation of a fee simple estate in Ohio, and therefore, unless there is something in the will to show that the testator's intention was not to give a fee simple estate to Ida C. Zackman, the language used "to her and her heirs" would surely convey a fee simple estate. It would be sufficient to convey a fee simple estate if it were a deed and it certainly, by being used in a will where the word "heirs" is not necessary, can not have the effect of reducing the estate from what it would be if it had been a conveyance by deed.

"It is not necessary to the creation of a fee in a will to use the word 'heirs' but where the term is used it does not indicate a purpose not to grant a fee." *Gannon* v. *Albright,* 183 Mo. 265 [81 S. W. Rep. 1162]; *Webbe* v. *Webbe,* 234 Ill. 442 [84 N. E. Rep. 1054; 17 L. R. A. (N. S.) 1079].

"Where an estate is conveyed by one part of a will, it can not be cut down by raising a mist or doubt from another part." *Martin* v. *Martin,* 52 W. Va. 387 [44 S. E. Rep. 198]; *Gaskins* v. *Hunton,* 92 Va. 528 [23 S. E. Rep. 885].

We think that the doctrine laid down in the case of *Halley*

v. *Hengstler,* 13-23 O. C. C. 504 (3 N. S. 161), affirmed, no op., *Halley* v. *Hengstler,* 70 Ohio St. 452, is decisive of this case.

The contention of the defendant is based on the theory that the word "heirs" is used in the sense of children in the fifth item of the will here in question. No authority is cited that would support this position. There is no provision of the will nor any circumstances shown by the record to justify a departure from the settled rule of construction; there is no distinction legal or grammatic between the words "after him" or "after his death or after his decease"; the use of the words "after him" must be construed to mean the same as though the provision of the will read "after his death or after his decease." In a legal sense the devisee could have no heirs while he lived; they become his heirs after him, that is, after his decease.

There is nothing in the will in question in this case to enforce the construction contended for by defendant that the word "heirs" used in item five of the will, refers to the children of the devisee and, therefore, the contention is, that Ida C. Zackman only got a life estate in the property devised to her in item five of the will of John Crum. We can not agree with this contention.

Looking at the will "from its four corners" is there anything found to change or alter the plain meaning of the language used in item five? Does a consideration of the other items justify a different conclusion?

Where the words used grant an estate in fee it can only be cut down to a lesser estate by words as clear and decisive as those by which the estate in fee was granted in the first instance.

"When the absolute estate has been conveyed in one clause of the will, it will not be cut down or limited by subsequent or prior words, except such as indicate as clear an intention as would the words used in creating the estate. Words which merely raise a doubt or suggest an inference will not effect the estate thus conveyed, and any doubt which may be suggested by reason of such subsequent or prior words must be resolved in favor of the estate first conveyed." *Granniss, In re,* 142 Cal. 1 [75 Pac. Rep. 324].

So upon a true and reasonable construction of said item

Zackman v. Dick.

five, following the authorities above cited, we hold that the only view a court can take of said will in question is, that under it an estate in fee simple was created and vested in Ida C. Zackman, in the real estate described in the petition.

Our conclusion is that item five in this will gives a fee simple to Ida C. Zackman, and that there is no ambiguity or doubt as to the nature of the title devised by the terms of this will; and there being no doubt as to the title, there can be no reason why the plaintiffs are not entitled to a specific performance of the contract.

The court finds that the lien mentioned in the defendant's cross petition was not a lien on the premises of plaintiffs at the time the contract of sale was made or when the deed was tendered to defendant, that said lien had been canceled of record as averred in plaintiffs' reply to said cross petition.

We are of the opinion that the defendant's objection to the title to this property is not valid, and is no excuse for his failing to comply with his contract, and, being of this opinion, we hold that the plaintiffs are entitled to the relief prayed for in their petition, and that a decree be entered for a specific performance of the contract, and that judgment be entered in favor of the plaintiffs for the balance due on said contract, with interest as prayed for in the petition; that the defendant pay the cost of this action. Motion for new trial filed and overruled; exceptions.

**Shields** and **Marriott, JJ.**, concur.