**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1948
_____

UNITED STATES OF AMERICA

v.

ALLATEEF ALKAMIL ALI-WHITE,
aka Lateef White,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:23-cr-00012-001)
U.S. District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 27, 2025

_____

Before: SHWARTZ, KRAUSE, and PORTER, <u>Circuit Judges</u>.

(Filed: January 30, 2025)

_____

OPINION[*]

_____

_____

   [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Allateef Alkamil Ali-White, also known as Lateef White, appeals the District Court's order denying his request for an evidentiary hearing to develop the record for his motion to suppress evidence discovered in a parcel he asserts police detained without reasonable suspicion. Because Ali-White presents no colorable claim warranting a hearing, we will affirm.

I

A

On July 26, 2022, law enforcement discovered a "suspicious parcel" at a shipping facility in Dauphin County, Pennsylvania.[1] App. 36. The parcel was (i) addressed to "James White" at 329 E. Arch Street in Pottsville, Pennsylvania; (ii) sent by "Jason Mendez" from a UPS store in Bellflower, California; and (iii) shipped on July 25, 2022, via UPS's "Next Day Air" service, with guaranteed delivery on July 26, 2022. App. 36, 147 (emphases omitted). The police searched various databases but could not find any information associating either a "James White" with any Pottsville address, or a "Jason Mendez" with the telephone number listed for him on the parcel.

Based on these facts, and on the same day, the police obtained and executed a warrant to search the parcel and found five pounds of crystal methamphetamine inside. The police then obtained a court order authorizing the insertion of a mobile tracking

---

[1] The record does not reveal how the parcel came to the police's attention.

device in the parcel as part of a controlled delivery.

On July 27, 2022, a police officer, posing as a delivery person, delivered the parcel with the tracking device to the listed address. Ali-White approached the officer from his residence across the street and explained that he was picking it up for his neighbor. Ali-White took the parcel into the house and shortly thereafter the tracking device was activated. The police then saw Ali-White fleeing his home and attempting to discard the tracker. Ali-White was arrested and admitted that he used his cell phone to track the parcel before delivery and knew it contained methamphetamine before opening it.

B

A federal grand jury returned an indictment charging Ali-White with (1) conspiring to distribute and possess with intent to distribute methamphetamine and (2) attempting to possess with intent to distribute methamphetamine. 21 U.S.C. §§ 841, 846. Ali-White moved to suppress the methamphetamine discovered in the parcel, among other evidence, arguing that (1) the police lacked reasonable suspicion to detain the parcel in the first instance, and (2) the search warrant was not supported by probable cause. He requested an evidentiary hearing to develop the record for his motion. The District Court denied the motion without a hearing. United States v. Ali-White, No. 3:23-cr-00012-001, 2023 WL 6216716, at *6 (M.D. Pa. Sept. 25, 2023). It: (1) assumed without deciding that Ali-White had a Fourth Amendment interest in the parcel, id. at *3 n.2; (2) found that the police had several grounds for detaining the parcel, id. at *3-4; and (3) concluded that the search and seizure were proper because the police had (a)

3

reasonable suspicion to detain the parcel and (b) probable cause to search it because (i) the sender's listed address was a California UPS store; (ii) it was sent via UPS's Next Day Air service; and (iii) there was no association between "James White" and Pottsville generally, or between the sender and the listed telephone number, id. at *2-6.[2]

Ali-White appeals.

II[3]

Federal Rule of Criminal Procedure 12(c) grants district courts discretion to hold hearings on suppression motions. United States v. Hines, 628 F.3d 101, 105 (3d Cir. 2010). Such hearings are only required when "the motion is sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim,[4] and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress." Id. Because the police

---

[2] Ali-White entered a guilty plea to the drug conspiracy charge conditioned upon his right to appeal the suppression ruling. The District Court sentenced him to ninety-six months' imprisonment followed by three years of supervised release.

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's ruling on whether to hold a suppression hearing for abuse of discretion. See United States v. Hines, 628 F.3d 101, 104 (3d Cir. 2010).

[4] "[T]o be 'colorable,' a defendant's motion must consist of more than mere bald-faced allegations of misconduct." United States v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996) (quoting United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir. 1990)).

actions challenged here do not implicate Fourth Amendment interests, Ali-White cannot present a Fourth Amendment claim, colorable or otherwise.[5]

The Fourth Amendment guarantees "[t]he right of the people to be secure in their . . . effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A sealed parcel traveling in the mail may be an "effect within the meaning of the Fourth Amendment." United States v. Jacobsen, 466 U.S. 109, 114 (1984) (internal quotation marks omitted). The intended recipient of such a parcel has both a protected possessory and privacy interest. See Walter v. United States, 447 U.S. 649, 654-55 (1980); Ex parte Jackson, 96 U.S. 727, 732-35 (1877). However, the intended recipient's Fourth Amendment-protected possessory interest in such a parcel is "solely in [its] timely delivery"[6] and "the Fourth Amendment is not implicated when only the external features of a package, like the address label are examined" because "there is no reasonable expectation that the outside of a package given to a mail-carrier will be kept private," United States v. Hoang, 486 F.3d 1156, 1159-60 (9th Cir. 2007); see also Jacobsen, 466 U.S. at 117 (noting that "the Fourth Amendment does not prohibit governmental use" of information disclosed to a third party). Law enforcement may temporarily detain for

---

[5] Ali-White offers no argument that the search warrant was defective or that the police did not rely on that warrant in good faith. He has thus waived these arguments. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

[6] See also United States v. LaFrance, 879 F.2d 1, 7 (1st Cir. 1989) ("[T]he only possessory interest at stake . . . was the contract-based expectancy that the package would be delivered [on time].").

inspection a parcel that has a guaranteed delivery time "without any Fourth Amendment curtailment," until the guaranteed delivery time has passed.[7] United States v. Jefferson, 566 F.3d 928, 934 (9th Cir. 2009). Thus, the recipient's Fourth Amendment interests are impinged upon only when a sealed parcel is detained past its guaranteed delivery time, see id., or once law enforcement opens it, see Ex parte Jackson, 96 U.S. at 732-35.

Here, the police detained and examined the parcel before it was to be delivered, and their inspection of the exterior and review of databases revealed that the recipient was not associated with the listed delivery address and the sender was not associated with the listed telephone number. This provided the officers with reasonable suspicion to further hold the parcel. Furthermore, still within the delivery window, law enforcement obtained a warrant to search the parcel's contents and found methamphetamine.[8] Police executed the controlled delivery the following day.[9]

---

[7] Such detention does not constitute any "meaningful interference with [the recipient's] possessory interests" in the parcel, and thus is not a "seizure" within the meaning of the Fourth Amendment. Jacobsen, 466 U.S. at 113; see also Jefferson, 566 F.3d at 934-35 (holding "that an addressee has no Fourth Amendment possessory interest in a package that has a guaranteed delivery time until such delivery time has passed" and only "[o]nce the guaranteed delivery time passes" does detention become a seizure requiring law enforcement's "reasonable and articulable suspicion" that the package contains evidence of a crime (quoting Hoang, 486 F.3d at 1160)). Were it a seizure, law enforcement would need reasonable suspicion of criminal activity to detain the package. See United States v. Van Leeuwen, 397 U.S. 249, 251-52 (1970).

[8] As discussed above, Ali-White does not dispute the validity of the warrant. See supra note 5.

[9] A hearing would not have yielded any relevant facts as there is no dispute that the parcel was initially detained within the delivery window and the parcel was not opened until the search warrant was obtained.

Because the police's detention and initial exterior inspection of the parcel occurred within its guaranteed delivery window, those actions did not implicate the sender or addressee's Fourth Amendment rights. Jefferson, 566 F.3d at 934 ("[A]n addressee has no Fourth Amendment possessory interest in a package that has a guaranteed delivery time until such delivery time has passed."); Hoang, 486 F.3d at 1159-60 ("[T]he Fourth Amendment is not implicated when only the external features of a package, like the address label are examined . . . .").

To the extent Ali-White argues that the Fourth Amendment prohibited police from holding the parcel until they executed their controlled delivery operation the next day, he is mistaken. The police obtained a warrant and discovered methamphetamine inside the parcel within the guaranteed delivery window. Upon that discovery, police had more than the necessary reasonable suspicion to further detain the package, install the tracking device, and use a reasonable amount of time to execute the controlled delivery. See United States v. Van Leeuwen, 397 U.S. 249, 251-52 (1970).

Accordingly, because law enforcement's initial detention of the parcel did not impinge upon interests protected by the Fourth Amendment and because their subsequent actions did not violate the Fourth Amendment, Ali-White failed to present a colorable Fourth Amendment claim. The District Court therefore acted within its discretion in denying his suppression hearing request. Hines, 628 F.3d at 105.

### III

For the foregoing reasons, we will affirm.