**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Shane Russell SAVAGE, Defendant— Appellant.**

No. 05–30350.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2006.*

Decided May 5, 2006.

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Robert Kelleher, Esq., Kelleher Law Office, Billings, MT, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Before: NOONAN and W. FLETCHER, Circuit Judges, and POLLAK,** Senior District Judge.

### MEMORANDUM ***

Appellant Shane Russell Savage ("Savage") appeals from a 120–month sentence. Savage pled guilty to possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871, and possession of a firearm not identified by a serial number in violation of 26 U.S.C. §§ 5841, 5861(i) and 5871. He was sentenced to a term of 120 months for each violation, to be served concurrently.

Savage challenges the district court's calculation of the base offense level for the violations. We review the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Nielsen,* 371 F.3d 574, 582 (9th Cir. 2004); *United States v. Menyweather,* 431 F.3d 692, 694 (9th Cir.2005).

The district court determined that the applicable Guideline was U.S.S.G. § 2K2.1(a)(1), and that the base offense level was therefore 26. Section 2K2.1(a)(1) applies where the defendant has two previous felony convictions for a "crime of violence" as defined in § 4B1.2(a). Savage was convicted of assault with a weapon in Montana in 2004, and escape in Montana in 1993 and 2004. Savage conceded that his 2004 assault conviction is for a crime of

violence but disputed the escape convictions. The district court disagreed. The district court noted that every circuit in the country, except the Ninth Circuit, had held that escape categorically constituted a crime of violence under § 4B1.2(a). It was an open question in the Ninth Circuit at that time. Adopting the rule followed by the other circuits, the district court calculated Savage's sentence based on an offense level of 26.

We recently decided the issue. In *United States v. Piccolo,* 441 F.3d 1084 (9th Cir.2006), we held that escape under a statute including escape accomplished by nonviolent means does not categorically qualify as a crime of violence. *Id.* at 1088. Rather, we must apply the modified categorical approach to an escape under such a statute. *Id.* at 1086 n. 4.

Savage's Montana state escape convictions under Mont.Code Ann. § 45–7–306 do not appear to be categorically crimes of violence under our holding in *Piccolo.* Under the modified categorical analysis, it is the government's "burden to establish clearly and unequivocally [that] the conviction was based on all of the elements of a qualifying predicate offense." *United States v. Kelly,* 422 F.3d 889, 895 (quoting *United States v. Navidad–Marcos,* 367 F.3d 903, 908 (9th Cir.2004)). Based on the current record, the government has not met that burden. However, the government may have compiled this record on the assumption—adopted by the district court—that escape categorically constitutes a crime of violence. Therefore, we vacate the sentence and remand to the district court so that it may conduct appropriate proceedings to determine whether either of the two escapes qualifies as a

crime of violence under the modified categorical approach.

VACATED AND REMANDED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.