**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Everardo Silva CEJA, Defendant– Appellant.**

No. 05–10783.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed July 2, 2007.

Dawrence W. Rice, Jr., Esq., Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Roger T. Nuttall, Esq., Nuttall & Coleman, Fresno, CA, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: SCHROEDER, Chief Circuit Judge, CANBY and FERNANDEZ, Circuit Judges.

MEMORANDUM *

Appellant, Everardo Ceja, was convicted of being a felon in possession of a firearm. He appeals his mandatory 15 year sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), challenging the sentencing court's determination that he has three prior convictions that qualify as violent felonies. We affirm.

One of the convictions was for spousal abuse. The relevant California statute required "wilful conduct" that results in a "traumatic condition," which is defined to include external or internal injuries caused by physical force. Cal.Penal Code § 273.5(a), (c). Given § 273.5's clear requirement that the use of force be established to convict, this conviction categorically qualifies as a violent felony under the ACCA. 18 U.S.C. § 924(e)(2)(B)(I).

A second conviction was for shooting at an occupied vehicle. Here the appellant contends that he was not the shooter. This amounts to a collateral attack on the validity of the state conviction which is not appropriate as a part of federal sentencing. *See Custis v. United States,* 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).

The third conviction was for battery on a peace officer under Cal.Penal Code § 243(c). In the California state court,

according to a transcript of the plea colloquy, Ceja stipulated that the police report would provide a factual basis for his guilty plea to battery on a police officer. Ceja contends that the federal sentencing court, in determining that his battery conviction was a violent felony, improperly considered the police report. The Supreme Court, however, has held that sentencing courts may properly consider documents that a defendant adopts as the factual basis for his plea. *Shepard v. United States,* 544 U.S. 13, 20–21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *see also United States v. Espinoza–Cano,* 456 F.3d 1126, 1132 (9th Cir.2006). The stipulation therefore constituted a sufficient factual basis for the conviction.

Ceja also contends that the facts contained in the report do not establish that he committed a violent felony within the meaning of the ACCA. The facts, however, show that he endeavored to escape from police officers' attempts to arrest him in his bedroom. He thus resisted the arrest, and when the police officers blocked his exit from the room by physically tackling him, a fight ensued that resulted in actual injury to three of the officers. Although the government is incorrect in contending that the California statute is categorically a violent felony, under the modified categorical approach, the matters to which the defendant stipulated in state court are sufficient to establish that Ceja was convicted for conduct that involves the "use of force" and hence amounted to a violent felony within the meaning of the ACCA. *See United States v. Hernandez–Hernandez,* 431 F.3d 1212, 1218 (9th Cir.2005) (holding that facts showing that the defendant attempted to "forcibly" extract the victim from her van established the "use of force"); *cf. United States v. Savage,* 488 F.3d 1232, 1236–37 (9th Cir.2007) (holding

that escape from a jail type facility established a "serious potential risk of physical injury to another" and thus established a crime of violence). The sentence therefore is affirmed.

**AFFIRMED.**